```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

WENDY M. WILLIAMS,              *
                                *
      Plaintiff,                *
                                *
vs.                             * CIVIL ACTION NO. 24-00112-TFM-B
                                *
T-MOBILE, USA,                  *
                                *
      Defendant.                *
```

## REPORT AND RECOMMENDATION

This action, which has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S), is before the Court on review. For the reasons set forth below, it is **RECOMMENDED** that the claims of Plaintiff Wendy M. Williams be **DISMISSED without prejudice** for her failure to prosecute and to obey the Court's order.

Plaintiff Wendy M. Williams, proceeding *pro se*, commenced this action on April 10, 2024, by filing a complaint against T-Mobile, USA. (Doc. 1). At the time of filing, Williams neither paid the filing fee nor filed a motion to proceed without prepayment of fees. Williams has since filed four amended complaints. (Docs. 4, 5, 6, 7). The fourth amended complaint alleges that T-Mobile, on November 1, 2023, "hack[ed] [Williams'] personal devices" and "engaged in slander and defamation by spreading false and damaging statements about [her] personal and

professional reputation." (Doc. 7 at 2). Williams asserts causes of action against T-Mobile for "violations of constitutional rights, invasion of privacy, slander, and defamation[.]" (Id. at 1).

In an order dated April 12, 2024, the Court directed Williams to either pay the filing fee for a civil action, or in lieu thereof, to file a motion to proceed without prepayment of fees by April 26, 2024. (Doc. 3). To date, Williams has not paid the filing fee or filed a motion to proceed without prepayments of fees. Nor has Williams requested additional time to obey the Court's order or provided any explanation for her failure to comply within the prescribed time. Further, there is nothing on the docket indicating that the Court's previous order has been returned as undeliverable.

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-

31 (1962)). To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

The undersigned hereby recommends that the instant action be dismissed without prejudice due to Williams' failure to prosecute and to obey the Court's order dated April 12, 2024, which directed her to pay the filing fee or file a motion to proceed without prepayment of fees by April 26, 2024. (See Doc. 3). Indeed, the Court previously cautioned Williams that failure to comply with the order within the prescribed time would result in a recommendation that this action be dismissed without prejudice for failure to prosecute and to obey the Court's order. (See id. at 2).

Accordingly, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) and this Court's inherent authority.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **3rd** day of **May, 2024.**

                                            /s/ SONJA F. BIVINS
                                 **UNITED STATES MAGISTRATE JUDGE**